(56 Misc. Rep. 218.)

## In re ENGLER'S WILL.

(Surrogate's Court, Oneida County.   October, 1907.)

1. WILLS—EXECUTION—SIGNATURE.

Though testatrix does not sign her will in the presence of witnesses, an acknowledgment by her of her signature is sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 302–304.]

2. SAME—WITNESSES.

It is not necessary that each witness to a will sign in the presence of the other, if the witnesses sign in the presence of testator.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 321–331.]

3. SAME—EXECUTION BY MARK.

A will signed by testatrix with her mark was attested by two subscribing witnesses, the attestation clause fully reciting compliance with all requisites to its valid execution, and was read aloud in the hearing of testatrix to one of the witnesses.  There was no evidence that any one person dissented from any statement made in such clause.  The witness, after having testified that she saw testatrix make her mark, failed to remember that testatrix made her mark in her presence, but remembered she heard testatrix say it was her mark.  Held, that probate should not be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 299–313.]

In the matter of the probate of the will of Amelia C. Engler.  Probate decreed.

W. L. Goodier, for proponent.

Chester W. Davis (W. F. Dowling, of counsel), for certain contestants.

W. J. B. Williams, for other contestants.

SEXTON, S.  The questions to be decided arise on a regularly instituted proceeding for the probate of a will in this estate.  On the return of the citation a written answer was filed, which alleged failure to comply with any of the statutory requirements, and also alleged undue influence.  The will was drawn on the usual printed blank and dated June 26, 1905, with full attestation clause, and signed by mark and attested at the end by two witnesses.  Testatrix died July 16, 1907, a little over two years after she made her will.

The only evidence before me is that of the two subscribing witnesses.  The evidence given by them on direct examination was sufficient to establish the will.  On cross-examination, when closely pressed, they failed to remember all the details of the execution of the will.  Henrietta Krubeck, one of said witnesses, testified that she did not remember that the testatrix made her mark to the will in her presence, but she heard testatrix say that it was her will, and that she wanted it put in her trunk, and that witness left before the other witness signed the will.  This same witness testified that she saw testatrix make her mark upon the will and heard her announce that it was her will.  It is urged by contestants, who are half-brothers of the testatrix, that the evidence is so contradictory, and the memory of the witnesses so clouded as to what actually transpired at the time the

will was executed, that probate should be denied. A substantial compliance with the statute is sufficient. Matter of Voorhis, 125 N. Y. 765, 26 N. E. 935.

It was not necessary for the testatrix to have signed the will in the presence of both witnesses, as an acknowledgment of her signature is equivalent to signing in the presence of the witnesses. Hoysradt v. Kingman, 22 N. Y. 372. Upon the evidence it appears that the testatrix knew that she was engaged in the business of making her will, and, in answer to questions put to her, acknowledged the paper presented to her, in the presence of both witnesses, to be her will. The exact words used by her the witnesses were unable to give. Any form of language for that purpose would suffice. Coffin v. Coffin, 23 N. Y. 9, 80 Am. Dec. 235.

It is not essential to the validity of a will that each witness sign in the presence of the other, provided it is signed in the presence of the testator. Willis v. Mott, 36 N. Y. 486. The testatrix and both witnesses were in the same room, a small one, and testatrix was sitting near the middle thereof in an arm chair, in a conscious, but sick, condition, and on at least two occasions made remarks regarding the will. Testatrix made no request that either witness sign; but Mr. Van Baasten, who prepared the will at the testatrix's request and in her presence and superintended its execution, requested the other witness, Mrs. Krubeck, to sign it. This sufficiently evinces the testatrix's request that the witness sign the will, and is a compliance with the requirements of the statute. Coffin v. Coffin, supra; Peck v. Cary, 27 N. Y. 9, 84 Am. Dec. 220. Where a person superintending the execution of a will requests the witnesses to sign it as such, and the testator silently acquiesces, such request is sufficient. Matter of Nelson, 141 N. Y. 152, 36 N. E. 3. The witness Van Baasten testified that he read the attestation clause aloud, in the hearing and presence of the testatrix, to the witness Krubeck. There is no evidence of any protest or objection to any fact recited in the attestation clause, at the time it was read, by the testatrix or any person present. Such a clause is sufficient to establish the facts therein recited. Matter of Nelson, supra. Bare lapse of memory, or contradictions on the part of the attesting witnesses, when it is reasonably probable, from the evidence and surrounding facts and circumstances, that the statute was complied with, furnish no legal ground for refusing probate, particularly where there is a full attestation clause, which recites compliance with all of the statutory requirements.

The will by its terms gave all of testatrix's property to her brother-in-law, Charles L. F. Frederick. It was conceded in court that testatrix had lived in the Frederick family for 25 years, and that testatrix had an undivided half interest in the house in which they lived. The petition shows that the testatrix's sister, wife of said Frederick, died before testatrix, and that the real estate was worth $700 and the personal property $610. It can be assumed, from the testatrix's long residence in the Frederick family, that their relations were friendly; hence the disposition of her property to her brother-in-law, upon the facts of this case, seems perfectly natural. No evidence of undue influence was adduced upon the trial. The reasoning in Peck

v. Cary, supra, fully answers all objections urged, and furnishes abundant authority for admitting the will to probate. A rule of law requiring attesting witnesses to remember what took place at the time of the execution of the will, keeping in mind the many years that often intervene between the execution and probate thereof, would result in defeating the probate of a majority of the wills. The will is therefore admitted to probate.

Findings and decree may be prepared accordingly. Probate decreed.